UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| VANCE BOWERS | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:02-CR-71 |
| | ) | (NO: 2:08-CV-268) |
| UNITED STATES OF AMERICA | ) | Judge Greer |
|     Respondent | ) | |

## MEMORANDUM OPINION

On October 8, 2008, Vance Bowers ("Petitioner" or "Bowers"), a federal prisoner, filed a *pro se* "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody." [Doc. 327]. After reviewing Bowers' motion, the Court realized that Bowers had failed to address his most substantial issue, that is, whether Count Ten of the indictment charged a cognizable federal offense over which this Court had subject matter jurisdiction. *See United States v. Combs*, 369 F.3d 925 (6th Cir. 2004). In the interest of justice, counsel was appointed to represent Bowers on the issue raised under *Combs*.

On June 12, 2009, counsel filed a motion to amend Bowers' §2255 motion to add a fifth claim based upon *Combs*. [Doc. 341]. In its response, the United

States states that it has no objection to the Court vacating petitioner's conviction on Count Ten and setting aside the consecutive sixty (60) month sentence imposed on that conviction. [Doc. 347]. In the absence of this sixty (60) month consecutive sentence, Bowers contends that he has now served his total term of imprisonment, and he now seeks expedited action on his §2255 motion. [Doc. 348]. The matter is now ripe for disposition.

The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 as to all issues raised by him, except for the issue raised pursuant to *Combs*. The record likewise establishes that no evidentiary hearing is necessary. For the reasons which follow, the petitioner's § 2255 motion lacks merit and the motion will be denied in its entirety, except as to the single issue raised under *Combs*.

## I. Procedural Background

Bowers was indicted by the federal grand jury on July 23, 2002, along with co-defendants Allen M. Ajan and George H. Simpson. Bowers was charged in Count One with conspiracy to distribute and possess with the intent to distribute five grams or more of methamphetamine, in Count Two with conspiracy to distribute and possess with the intent to distribute a quantity of methamphetamine (lesser included offense of Count One), in Count Five with possessing a firearm in futherance of a

2

Case 2:02-cr-00071-JRG   Document 351   Filed 07/21/09   Page 2 of 16   PageID #: 572

drug trafficking offense, in Count Seven with brandishing a firearm during and in relation to a drug trafficking offense, in Count Eight with conspiracy to commit kidnapping, in Count Nine with aiding and abetting kidnapping and in Count Ten with aiding and abetting possession of a firearm in furtherance of kidnapping, a crime of violence. [Doc. 1]. On December 19, 2002, a jury found the defendant guilty of Counts Two, Nine and Ten and not guilty as to Counts One, Five, Seven and Eight. [Doc. 155].

On March 24, 2003, Bowers was sentenced to concurrent terms of imprisonment of 151 months on the drug and kidnapping offenses, and a statutory mandatory consecutive 60 months on the § 924(c) conviction (Count Ten), for a total sentence of 211 months imprisonment. [Doc. 197]. Bowers' convictions and sentence were affirmed on direct appeal by the Sixth Circuit Court of Appeals on December 15, 2004. *United States v. Simpson*, 116 F. Appx. 736 (6th Cir. 2004). Petitioner then filed a petition for writ of *certiorari* in the United States Supreme Court, which the Court granted on April 25, 2005. The judgment was vacated and the case remanded for the limited purpose of "further consideration in light of *United States v. Booker*." *Bowers v. United States*, 544 U.S. 995 (2005). Seeking to preserve the issues he raised under *Crawford v. Washington*, 541 U.S. 36 (2004) and *Bruton v. United States*, 391 U.S. 123 (1968), Bowers filed a petition for rehearing which

3

was denied by the Supreme Court on June 13, 2005. *Bowers v. United States*, 545 U.S. 1124 (2005).

Upon remand, on November 7, 2005, Bowers was re-sentenced to concurrent terms of imprisonment of 96 months, the bottom of the guidelines range, on the drug and kidnapping offenses, and the statutory mandatory consecutive 60 months on the § 924(c) conviction (Count Ten), for a total sentence of 156 months imprisonment. Bowers appealed and his conviction was reinstated and his conviction and sentence were affirmed and on March 19, 2007. *United States v. Bowers*, 220 Fed.Appx. 402, 404 (6th Cir.2007). His petition for a writ of *certiorari* to the Supreme Court was denied on October 1, 2007. *Bowers v. United States*, __ U.S. __, 128 S. Ct. 198, 169 L.Ed. 2d 133 (2005). Petitioner's § 2255 petition was then timely filed on October 2, 2008.

**II.  Factual Background**

The following findings of fact are taken from the Sixth Circuit's opinion in *Simpson*, 116 F. Appx. 738-739:

> On November 26, 2000, Officer Eric Alford of the Kingsport Police Department (located in Tennessee) arrested Allen Ajan for drunken driving. When an inventory search of Ajan's car revealed items commonly used in drug sales-a bag of white powder (later determined to contain methamphetamine), reclosable plastic bags, a digital scale and a cell phone-Officer Alford used the redial function on Ajan's cell phone to determine whom Ajan had

4

last contacted. George Simpson answered the call, and Alford (without identifying himself) told Simpson that Ajan had passed out and that he feared the police would arrest both Ajan and him. When Alford asked Simpson what he should do, Simpson replied, "Bring him to me, he's my boss," and directed Alford to bring Ajan to a local Coastal Mart so that Simpson could pick him up. JA 485. Alford reported the contact to Officer Mike Hickman, who proceeded to the Coastal Mart to meet Simpson.

Arriving at the Coastal Mart at 10:00 p.m., Officer Hickman observed two men dressed in camouflage entering the store. Noting that they also wore bullet-resistant vests and that they carried two-way radios and a pair of binoculars, Hickman asked the men to identify themselves. According to Hickman, one of the men identified himself as Simpson; the other identified himself as Vance Bowers. Both men consented to pat-down searches, which revealed that Simpson was carrying a loaded .38 revolver. The police later searched Simpson's house, finding several other weapons but no drugs.

Two weeks later, on December 8, 2000, Ajan, Simpson, and Bowers found White at the West Side Inn in Kingsport, where White had rented a room for the night. When White answered their knock on the door, Ajan followed Bowers into the room and struck White on the head with the walkie-talkie he was carrying. Displaying a pistol, Ajan demanded $150 of White, presumably for the "eight ball" (slang for an eighth of an ounce) of methamphetamine that Ajan had given White several days earlier. Two of White's friends, Curtis McDavid and Ricky Howe, then arrived at the hotel room. Seeing Ajan, Simpson and Bowers there, McDavid and Howe assumed they had the wrong room, but Ajan ordered them to stay and, reinforcing the point, ordered Simpson to pull out the "Tec 9" handgun he was carrying. With Simpson blocking one of the room's exits with a chair, Ajan told White, McDavid and Howe to empty

5

their pockets, which they did.

After taking all of their money, Ajan forced White to call his mother, Loretta Wogomon, to ask her for $300. When Wogomon thought her son was joking, *739 Ajan took the phone and said, "Ma'am, this is not a joke.... You better bring me $300 or I'm going to blow your son's mother f-ing head off." JA 731. After the phone call, Ajan, Simpson and Bowers herded the three men into a white Toyota to meet Wogomon; Ajan and Bowers rode with the three hostages while Simpson followed separately in a red Cavalier and maintained contact with Ajan by walkie-talkie. Wogomon called the police, however, and did not go to the designated meeting place.

When they were unable to find Wogomon, the three defendants stopped at a Coastal Mart for refreshments. Before going into the store, Ajan told Bowers, who remained in the car with the three captives, to use the walkie-talkie to tell someone (presumably Simpson in the trail car) to "shoot the son[s] of [ ] bitches if they move." JA 593. When Ajan returned, the group proceeded to the hotel, where six or seven police cars awaited their arrival. Ajan reacted by screaming to his passengers, "She f-ed up now.... You're a dead mother f-er." JA 594. Rather than stopping at the hotel, both cars headed out of Kingsport, Tennessee, toward Yuma, Virginia.

After crossing into Virginia, Ajan pulled the car into a Texaco gas station, and Simpson, still trailing in his red car, pulled in behind. Ajan forced White to try to call his mother again but to no avail. Resuming their travels, the group drove farther into Virginia, where they eventually stopped at a secluded spot by a river. The testimony diverges as to what happened next. McDavid testified that one of the defendants placed a gun to his head and threatened to kill him unless he beat up White; McDavid claims that he did beat up White and so was released by the defendants. White

6

and Howe testified, however, that McDavid and White staged the fight as a diversion to allow them to break away. All agree, though, that the three victims eventually freed themselves and made their way to the police.

III. **Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v.*

7

*Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right

8

not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081 (3d Cir. 1985).

## IV. Analysis and Discussion

### A. Grounds One and Four–Sufficiency of the Evidence at Trial and Completeness of Record on Appeal

Although Bowers filed an appeal after he was resentenced on November 7, 2005, he did not challenge any aspect of his new sentence. He claimed that he only wished to challenge the Sixth Circuit's prior resolution of his *Crawford* and *Bruton* claims or at least preserve them for further "review before the Supreme Court." *United States v. Bowers*, 220 Fed.Appx. 402, 404 (6th Cir.2007). Noting that the *Crawford* and *Bruton* claims are challenges to his conviction and not to his sentence, the Sixth Circuit cited a number of cases for the proposition that a limited remand is one for an exlcusive purpose and not an invitation to the lower courts to "begin anew":

> Our cases make clear that we have no authority to review issues beyond the scope of a limited remand. *See United States v. Haynes,* 468 F.3d 422, 426 (6th Cir.2006) (holding that the defendant's challenge to his conviction was not properly before the court because "[r]emands in light of *Booker* are concerned with sentencing") (internal quotation marks omitted); *Orlando,* 363 F.3d at 602 (holding that the court "lacked the authority" to consider

9

> issues outside the scope of the limited remand); *United States v. Campbell,* 168 F.3d 263, 269 (6th Cir.1999) (holding that the limited remand excluded all other issues from further consideration); *see also United States v. Procter,* 215 Fed.Appx. 409, 411 (6th Cir.2007) (holding that the remand was limited to "*Booker* re-sentencing"); *United States v. Modena,* 86 Fed.Appx. 927, 928 (6th Cir.2004) (holding that the remand was "plainly limited to correcting" the sentencing issue and that defendant could not "revisit any other aspect" of his conviction); *United States v. Roquemore,* No. 95-1140, 1996 WL 219131, at *2 (6th Cir. Apr.30, 1996) (holding that the limited remand precluded consideration of other issues); *United States v. Hamrick,* No. 94-5316, 1995 WL 35650, at *2 (6th Cir. Jan.30, 1995) (same).

*United States v. Bowers*, 220 Fed.Appx. 404- 405. Concluding that they had no authority to give Bowers any relief in regard to his underlying conviction, the Sixth Circuit held that Bowers' claims of evidentiary error were not within the scope of limited remand from the United States Supreme Court, and its prior affirmance of defendant's conviction was the law of the case as to evidentiary issues. Id. at 404-405.

Thus, Bowers' claim that the evidence in this case does not support his conviction is without merit because the law of the case established that the evidence was sufficient to support his conviction. *Simpson*, 116 Fed. Appx at. 743. Likewise, his claim that, if transcripts of all witnesses's testimony had been submitted to the Sixth Circuit, his conspiracy conviction would not have been affirmed is also without merit due to the law of the case which establishes that there was sufficient evidence

10

to support his conspiracy conviction. Id. at 743.

Moreover, Bowers' attack on the sufficiency of the evidence is not cognizable in this § 2255 proceeding. *United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969) (en banc), *cert. denied*, 396 U.S. 1015 (1970) ("... we have repeatedly held that the sufficiency of the evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding."). Bowers' attempt to cast his claim as one of actual innocence is also unavailing. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no responsible juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Actual innocence means "factual innocence, not mere legal insufficiency." *Id.* "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Bowers has not done so in this case.

**B. Ground Two- Ineffective assistance of counsel- Suppressed evidence.**

This claim is not supported by the record and is factually inaccurate. The petitioner contends that his counsel was rendered ineffective when evidence that had been successfully suppressed by his counsel was introduced at trial. Contrary to his

11

assertion, on November 2, 2002, the Magistrate Judge recommended that his Motion in Limine in regard to the evidence seized at Simpson's home be denied. [Doc. 113]. Bowers filed objections to this Report and Recommendation, [Doc. 122], but the district court adopted the Report and Recommendation and denied his Motion in Limine on December 4, 2002. [Doc. 124]. Therefore, Ground 2 is without merit.

### C. Ground Three-Ineffective assistance of counsel -The duress defense

Bowers also asserts that his counsel was ineffective and that he would not have been found guilty if his attorney had put on a duress defense for him at trial. Once again Bowers contends that there was insufficient evidence to establish a conspiracy and that a duress defense would have shown that he was not a willing actor in the events that transpired. However, the law of the case is that there was sufficient evidence to support his conspiracy conviction and his attorney is not ineffective on this score.

Counsel also cannot be said to have been ineffective for failing to put on such a defense in view of the evidence that when the three defendants stopped at a Coastal Mart for refreshments, before going into the store, Ajan told Bowers, who remained alone in the car with the three captives, to use the walkie-talkie to tell someone to shoot the victims if they moved. While he was alone with the victims at a public market, Bowers made no attempt to take any action to terminate the conspiracy or the

12

kidnapping but was clearly actively involved in the events that transpired. This issue is also without merit.

### D. Ground Five- Count Ten/ Combs and the Non-Existent Offense

Count Ten of the indictment charged Bowers with a violation of Title 18 U.S.C. § 924(c)(1), as follows:

> The Grand Jury charges that on or about December 9, 2000, in the Eastern District of Tennessee, and elsewhere, the defendants, Allen Mark Ajan, George Hubert Simpson, and Vance Bowers, aided and abetted by each other, did knowingly and intentionally possess a firearm, during and in relation to a crime of violence, to wit: The kidnaping of Earnest White, Ricky Howe, and Curtis McDavid.

Section 924(c)(1) makes it a crime offense for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . . 18 U.S.C. § 924(c)(1)(A).

Bowers now contends as follows:

> Mr. Bowers was wrongfully convicted and his sentence wrongfully extended for a federal crime that does not exist, in violation of his constitutional rights under the Fifth Amendment. In accordance with *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004), Count 10 of the Indictment failed to state a federal offense. As such, the court lacked subject matter jurisdiction to convict the Petitioner of such crime and the conviction must be reversed. *United States v. Adesida*, 129 F.3d 846 (6th Cir. 1997).

13

[Doc. 341].

In *Combs*, the defendant was charged and convicted of two § 924(c) violations. One of the counts charged Combs with possession of firearms "in furtherance of a drug trafficking crime" and the other charged that Combs possessed a firearm "during and in relation to a drug trafficking crime." In reversing both convictions, the Sixth Circuit held that § 924(c) criminalizes two distinct offenses–"(1) *using or carrying* a firearm *during and in relation to* a drug trafficking crime, and (2) *possessing* a firearm *in furtherance of* a drug trafficking crime." *Combs*, 369 F.3d at 931.

The indictment in this case, as in *Combs*, charged the defendant with possessing a firearm, during and in relation to, a crime of violence, utilizing one element from each of the two distinct § 924(c) offenses. This, as the Sixth Circuit found, resulted in the defendant not being charged "with *any* codified federal crime." Thus, had Bowers or his co-defendants raised this issue on direct appeal, the claim would have resulted, as it did in *Combs*, with reversal and remand for a new trial on the § 924(c) charge.

As previously stated, the United States has conceded that this issue is well-taken and that it has no objection to the Court vacating petitioner's conviction on Count Ten and setting aside the consecutive sixty (60) month sentence imposed on that conviction. Because the district court lacked subject matter jurisdiction to try

Bowers for the alleged violation of the law which is not a cognizable federal offense, this Court will enter a judgment and order vacating Bowers' conviction in regard to Count Ten and amending his term of imprisonment.

**V.     Conclusion**

For the reasons set forth herein, the petitioner's § 2255 motion lacks merit as to Grounds One, Two, Three, and Four (the claims raised in petitioner's original motion–Doc. 327) and the petitioner's petition will be dismissed as to those claims. However, the Court FINDS that Ground Five (the claim raised in petitioner's amended petition–Doc. 341) is well-taken and a judgment and order vacating Bowers' conviction in regard to Count Ten and amending his term of imprisonment will be entered.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*,

529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined the petitioner's claims in Grounds One, Two, Three, and Four under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to Grounds One, Two, Three and Four.

A separate order will enter.

    ENTER:

                                                  s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE